# Katten
KattenMuchinRosenman LLP

2029 Century Park East
Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel
www.kattenlaw.com

RYAN J. LARSEN
ryan.larsen@kattenlaw.com
310.788.4544 direct
310.712.8223 fax

August 22, 2016

Clerk of the Court
United States Court of Appeals for the Ninth Circuit
Post Office Box 193939
San Francisco, CA 94119-3939

**Re:** *ITN Flix, LLC, Gil Medina (collectively "Medina") v. Gloria Hinojosa, Amstel Eisenstadt Frazier and Hinojosa Talent Agency; and Robert Rodriguez, Machete Kills, LLC, El Chingon, LLC, Troublemaker Studios, L.P., Quick Draw Productions, LLC, (collectively "Rodriguez")* 9th Cir. Case Nos. 15-55800, 15-55872

To the Clerk of the Court:

Rodriguez submits this letter pursuant to FRAP 28(j) to inform the Court of the recent decision of Baral v. Schnitt, 2016 WL 4074081.

In Baral, the California Supreme Court resolved a split of authority concerning motions under California Code of Civil Procedure section 425.16(b): "How does the special motion to strike operate against a so-called 'mixed cause of action' that combines allegations of activity protected by the statute with allegations of unprotected activity?" Id. at *1.

The Court held that "the Legislature's choice of the term 'motion to strike' reflects the understanding that an anti-SLAPP motion, like a conventional motion to strike, may be used to attack parts of a count pleaded." Id., at *11. The court in this regard overruled Mann v. Quality Old Time Service, Inc., 120 Cal.App. 4th 90 (2004), which had held that an anti-SLAPP motion could be granted only if it disposed of an entire cause of action. Id. at *13, fn 11.

Rodriguez contends in its Cross-Appeal that the anti-SLAPP motion should have been granted in its entirety; but in the alternative, to the extent the Court may find that some claims in the complaint do not arise out of protected activity subject to the anti-SLAPP statute, then the Court should nonetheless strike all allegations and claims that do arise out of protected activity; *e.g.*, activities related to or in furtherance of Rodriguez's creation of the *Machete* movies and decision to cast Danny Trejo in them. (Reply on Cross-Appeal, pp. 27-31) (Docket No. 54).



Clerk of the Court
August 22, 2016
Page 2

      Medina argued that the Court could not strike "mixed" causes of action, citing <u>Mann</u>, which has now been overruled. (Appellant's Reply and Answering Brief on Cross-Appeal, pp. 52-54) (Docket No. 44). Both parties noted that the California Supreme Court had accepted review in <u>Baral</u> and urged the Court to follow the upcoming holding in <u>Baral</u>. (Rodriguez Reply, p. 30-31); (Medina Reply, p. 54).

      Accordingly, to the extent the Court may find that the complaint contains any claims that do not arise out of protected activity, all claims that do should nonetheless be stricken as set forth in <u>Baral</u>.

Respectfully submitted,

Ryan J. Larsen

Word Count: 331 words

9th Circuit Case Numbers 15-55800 and 15-55872

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on August 22, 2016.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*Adelle Shafer*
Adelle Shafer

121165742_386347-00001